THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| WALDEMAR DZBIK, M49560, | ) ) ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Case No. 3:24-cv-00093-GCS ) |
| PERCY MYERS, WEXFORD, | ) ) ) ) |
| Defendants. | ) |

## MEMORANDUM & ORDER

**SISON, Magistrate Judge:**

Plaintiff Waldemar Dzbik, an inmate of the Illinois Department of Corrections ("IDOC") currently detained at Centralia Correctional Center ("Centralia"), brings this civil rights action pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights. (Doc. 1). The Court found his original complaint insufficient to state a claim, and he has now filed a timely Amended Complaint. (Doc. 13). Plaintiff alleges deliberate indifference to his ventral hernia.

The Amended Complaint (Doc. 13) is now before the Court for preliminary review pursuant to 28 U.S.C. § 1915A.[1] Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a)-(b). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon

---

[1] The Court has jurisdiction to resolve Plaintiff's motions and to screen his Complaint due to his consent to the full jurisdiction of a magistrate judge (Doc. 7) and the limited consent to the exercise of magistrate judge jurisdiction as set forth in the Memoranda of Understanding between the IDOC, Wexford, and this Court.

which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. *See* 28 U.S.C. § 1915A(b). At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Service*, 577 F.3d 816, 821 (7th Cir. 2009).

## THE COMPLAINT

Plaintiff alleges that he has a ventral hernia that causes him severe pain, even while resting. (Doc. 13, p. 5). The only treatment he has received is 500mg of Tylenol to address his pain. He alleges he has repeatedly sought care for his hernia to no avail. Historically, in 2021 he had a CT scan and was referred for future treatment. In the amended complaint and in attached grievance documentation, there are indications that Plaintiff was supposed to have surgery at some point in 2021 or 2022, but the surgery never occurred. (Doc. 13, p. 5, 10). Plaintiff alleges that in his repeated efforts to seek care, he has been seen by Defendant Dr. Percy Myers, but Myers has refused to listen to what he has to say about his hernia, and Myers has offered no options for care. (Doc. 13, p. 5). The grievance documentation also suggests that in July of 2023, a grievance investigation concluded that Plaintiff still had a need for care, and the grievance officer was informed that the healthcare unit administrator was "trying to get the issue resolved." (Doc. 13, p. 10). Plaintiff also included limited medical records, one which indicates a 2022 referral for surgery. (Doc. 13, p. 24).

Plaintiff seeks hernia surgery, and compensatory and punitive damages. (Doc. 13, p. 8).

Based on the allegations in the Amended Complaint, the Court designates the following claim:

> **Claim 1:** Eighth Amendment deliberate indifference claim against Dr. Myers for refusing to address or treat Plaintiff's ventral hernia.

The parties and the Court will use this designation in all future pleadings and orders unless otherwise directed by a judicial officer of this Court. Any claim that is mentioned in the Complaint but not addressed in this Order is considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (noting that an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim that is plausible on its face").

### PRELIMINARY DISMISSAL

Plaintiff identified Wexford in the case caption, but other than alleging that Wexford employs Dr. Myers, he has not made any allegations about Wexford. As a corporation, Plaintiff would need to allege that Wexford employed a custom, policy, or practice that caused a violation of his constitutional rights. His pleading is insufficient to establish any of these things, so Wexford is dismissed without prejudice.

### DISCUSSION

An Eighth Amendment claim arising from the delay or denial of medical care requires a two-part showing. A plaintiff must show that he had an objectively serious medical need, and the defendants were deliberately indifferent to his need. *See Brown v. Osmundson*, 38 F.4th 545, 550 (7th Cir. 2022). Deliberate indifference is a high bar; it

requires a showing of something approaching total unconcern for the prisoner's welfare in the face of a serious risk. *Id.* Relevant evidence might include: the obviousness of the risk, the defendant's persistence in an ineffective course of treatment, proof that the course of treatment radically departed from professional norms, or proof that an inexplicable delay served no penological purpose. *See Thomas v. Martija*, 991 F.3d 763, 768 (7th Cir. 2021). With a claim of delay, a court considers the seriousness of the injury, the length of the delay, and whether the delay made the injury worse. *Id.* at 769.

At this juncture, Plaintiff's allegations against Dr. Myers are sufficient to proceed under a theory of deliberate indifference to his medical needs concerning his ventral hernia.

One further item is worth mentioning. At the outset of the case, Plaintiff moved for recruited counsel on the premise that he spoke Polish and knew very little English. (Doc. 3). The Court denied his motion for counsel because the case was still in its infancy and simply required a basic explanation of the facts. Along with the Amended Complaint, a fellow inmate submitted an affidavit indicating he provided Plaintiff with one-time assistance drafting his amended pleading, but that he would not assist any further, so he thought it best that the Court appoint counsel. (Doc. 13, p. 7). The fellow inmate also submitted a letter on the same topic and suggested Plaintiff was being prevented from accessing the Court. (Doc. 14). Although the language barrier and access to the Court is important, the Court will not appoint counsel at this time because the case still requires only the most basic and routine exchange of information that will be guided

by court orders. If Plaintiff believes he still needs counsel, he should file a new motion for counsel.

## DISPOSITION

**IT IS HEREBY ORDERED THAT Claim 1** of the Amended Complaint (Doc. 13) survives against Defendant Dr. Percy Myers. By contrast, Plaintiff has failed to state a claim against Wexford, and the Clerk of Court is **DIRECTED** to **TERMINATE** this party.

The Clerk of Court is **DIRECTED** to prepare for Defendant Dr. Percy Myers: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Amended Complaint (Doc. 13), and this Memorandum and Order to Defendants' place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a Defendant cannot be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). Pursuant to Administrative Order No. 244, Defendants need only respond to the issues stated in this Merits Review Order.

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, regardless of whether his application to proceed in forma pauperis was granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that he is under a continuing obligation to inform the Clerk of Court and each opposing party of any address changes; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than 14 days after a change of address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for failure to prosecute. *See* FED. R. CIV. PROC. 41(b).

The Clerk of Court is **DIRECTED** to enter the standard order under the Health Insurance Portability and Accountability Act because it may involve the exchange of medical records.

**IT IS SO ORDERED.**

**DATED: June 4, 2024.**

Digitally signed by Judge Sison
Date: 2024.06.04 11:22:43 -05'00'

**GILBERT C. SISON**
**United States Magistrate Judge**

**NOTICE TO PLAINTIFF**

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to the complaint. It will likely take at least 60 days from the date of this Order to receive the defendants' Answers, but it is entirely possible that it will take 90 days or more. When all of the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at his time, unless otherwise directed by the Court.

The Court wishes to remind the Plaintiff that litigation is often viewed a series of hurdles that the Plaintiff must clear to get to another hurdle. Initial screening is such a hurdle, but it is a very low one for the Plaintiff to clear. As noted above, surviving initial screening only requires the bare statement of a claim that, if proven, could entitle Plaintiff to some relief. At trial, he will need to prove by a preponderance of evidence that the facts alleged actually occurred and that those facts satisfy the legal requirements for recovery. Trial is the highest and most difficult of hurdles for any Plaintiff to clear.